UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:16-cr-00163-SEB-MJD-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| ORLANDO VELEZ | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:16-cr-00163-SEB-MJD-01 |
| ORLANDO VELEZ, | ) ) ) |
| Defendant. | ) |

## **ORDER**

Defendant Orlando Velez filed a motion for compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). He asks the Court to order his immediate release. For the reasons explained below, his motion, dkt [137], is **DENIED**.

### I.      Background

In January 2018, Mr. Velez pled guilty to six counts of Interference with Commerce by Threats or Violence in violation of 18 U.S.C. § 1951(a) and 2 (Counts 1-5 and 7), and one count of Brandishing a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 8). Dkts. 118; 122. The Court sentenced Mr. Velez to a total of 151 months of imprisonment, representing concurrent 31-month sentences for the interference with commerce counts and a consecutive 120-month sentence for the brandishing a firearm count. Dkt. 122 at p. 2. The Court also imposed concurrent terms of 3 years of supervised release on all counts. *Id.* at p. 3.

Mr. Velez is 26 years old. *See* bop.gov/inmateloc. He is currently incarcerated at the United States Penitentiary in Pine Knot, Kentucky (USP–McCreary). As of December 10, 2020, the BOP reports one active case of COVID-19 among inmates and 8 cases among staff at USP–McCreary;

it also reports that 45 inmates and 19 staff members at USP—McCreary have recovered from the virus. *See* https://www.bop.gov/coronavirus/ (last visited Dec. 10, 2020).

The BOP lists Mr. Velez's projected release date (with good-time credits) is October 22, 2026. Dkt. 151-1 at 1 (inmate profile). On September 10, 2020, Mr. Velez was classified as a high risk of recidivism. *Id.*

On May 18, 2020, Mr. Velez filed a pro se motion seeking compassionate release. Dkt. 137. Counsel was appointed to pursue the motion for compassionate release or any other viable claims under the First Step Act. Dkts. 138, 130. Counsel appeared and later withdrew. Dkt. 148. Mr. Velez was then given the opportunity to supplement his 2-page pro se motion with any information or argument that may inform the Court's discretion to grant or deny his motion for compassionate release. Dkt. 149. No supplement was filed and on October 20, 2020, the United States responded in opposition to the motion for compassionate release. Dkt. 151. The time for Mr. Velez to file a reply has passed. *See* dkt. 149. The motion for compassionate release is now ripe for review.

**II.     Discussion**

Mr. Velez is understood to seek immediate release based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 137 at 1. Mr. Velez argues that he is at an increased risk of experiencing severe symptoms if he contracts COVID-19 because he suffers from chronic asthma for which he uses an inhaler. *Id.* He notes that he has not incurred any disciplinary write-ups over the past year. He states that he has learned his lesson, has a great support system outside prison, and he needs to be with his family. *Id.* at 2. In response, the United States contends that Mr. Velez has not shown extraordinary and compelling reasons warranting a

3

sentence reduction. Dkt. 151 at 1. It also argues that Mr. Velez would present a danger to the public if he were released and that the § 3553(a) factors do not favor release. *Id.*

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,[1] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

---

[1] Mr. Velez submitted an inmate request to staff, requesting compassionate release. His request was denied by the Warden on July 17, 2020. Dkt. 151 at 5 (citing dkt. 151-4, Warden Denial). Thus, he has exhausted his administrative remedies.

18 U.S.C. § 3582(c)(1)(A)(i).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the

5

reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . "). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, __ F. 3d __, 2020 WL 6813995, at *2 (7th Cir. Nov. 20, 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Mr. Velez does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 apply to him. Dkt. 137. Thus, the question is whether the Court should exercise its broad discretion to find an extraordinary and compelling reason warranting release in this case.

The risk that Mr. Velez faces from the COVID-19 pandemic is not an extraordinary and compelling reason to release him. While the Court sympathizes with Mr. Velez's fear of contracting the virus, the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); *United States v. Jackson*, No. 1:18-cr-314-RLY-MJD01, dkt. 33 (S.D. Ind. Aug. 12, 2020) (concluding that the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction).

Moderate-to-severe asthma has been identified by the Centers for Disease Control (CDC) as possibly placing individuals at increased risk for serious complications from COVID-19 infection.[2] Mr. Velez states that has "chronic asthma" and that he uses his inhaler every single day. Dkt. 137 at 1. His BOP medical records confirm that he has been diagnosed as having asthma. Dkt. 151-3 at 9. However, on February 4, 2020 – during his most recent clinical encounter – the treating physician noted: "[T]he patient states he had his last asthma attack approx. 5 years ago. States he uses his inhaler prior to working out. He was advised against this behavior in order to avoid cardiac dysrhythmias. Denies having shortness of breath or chest tightness." *Id*. He has been prescribed an

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited Dec. 10, 2020).

albuterol inhaler with the following instructions: "Don't use daily. Inhale 2 puffs by mouth 4 times a day as needed to prevent/relieve asthma attack." *Id*. at 11. Mr. Velez was also counseled to "avoid[] daily use of albuterol inhaler unless . . . having an acute exacerbation." *Id*. at 11, 18. Such symptoms do not qualify as even moderate asthma. *See* https://www.uofmhealth.org/health-library/hw161158 (last visited Dec. 4, 2020) (summarizing symptoms of moderate and severe asthma; stating that asthma is considered moderate if any of the following are true of the patient's condition without treatment: daily symptoms or daily inhaler use; symptoms interfere with daily activities; nighttime symptoms occur more than one time a week but do not happen every day; lung function tests are abnormal (more than 60% to less than 80% of expected value) and PEF varies more than 30% from morning to afternoon). Accordingly, Mr. Velez's medical records do not indicate that he suffers from moderate-to-severe asthma. As a result, there is no evidence that Mr. Velez's asthma puts him at increased risk of suffering severe symptoms if he contracts COVID-19. And this Court has consistently denied motions for compassionate release from defendants—like Mr. Velez—who are not at an increased risk of developing severe symptoms if they contract COVID-19, even when they are incarcerated in a "hotspot" for COVID-19 infections. *See United States v. Dyson*, 2020 WL 3440335, at *3 (S.D. Ind. June 22, 2020) (collecting cases).

Finally, Mr. Velez is to be commended for not having a disciplinary write up in the past year, but this recent conduct is offset by four serious prison disciplinary convictions including threatening bodily harm (hearing held in February 2019); possessing a dangerous weapon (hearing held in February 2019), destroying property of $100 or less (hearing held November 2018), and fighting (hearing held November 2018). Dkt. 151-2. In any event, rehabilitation alone cannot be an extraordinary and compelling reason warranting a sentence reduction. *See* 28 U.S.C. § 994(t).

Given the Court's determination that Mr. Velez has not shown extraordinary and compelling reasons to justify his release, the Court discusses the § 3553(a) factors and whether Mr. Velez is a danger to the community only briefly. Mr. Velez was convicted of 6 armed robberies of businesses Indianapolis. During these crimes, Mr. Velez was the gunman and carried different firearms, including a short-barreled shotgun, a revolver, or a small semiautomatic handgun. Dkts. 115 at ¶¶ 14-19 (Presentence Investigation Report); 151 at 2-3.  These crimes are extremely serious and warrant a significant sanction, and Mr. Velez has served less than 5 years of his 151-month sentence. He has six years remaining until his projected good-time release date. Based on Mr. Velez's criminal and prison disciplinary record, the Court cannot find that Mr. Velez would not be a danger to the community if released. Likewise, it cannot conclude that the § 3553(a) factors weigh in favor of release at this time, despite the fact that Mr. Velez faces some risk from the COVID-19 pandemic. The Court's conclusions are consistent with the Warden's denial of Mr. Velez's request for compassionate release. The Warden explained that Mr. Velez's request was "denied due to correctional concerns; specifically, your high recidivism risk level, history of violence and your incident report history." Dkt. 151-4.

### III. Conclusion

For the reasons stated above, Mr. Velez's motion for compassionate release, dkt. [137], is **denied**.

**IT IS SO ORDERED.**

Date:   12/15/2020

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Orlando Velez
Reg. No. 15165-028
USP McCreary
U.S. Penitentiary
P.O. Box 3000
Pine Knot, KY  42635